IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **EVELYN SCOTT** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.:   2:20-cv-00596 |
| | ) | |
| **STATE OF ALABAMA** | ) | |
| **DEPARTMENT OF PUBLIC HEALTH;** and | ) | JURY DEMAND |
| **SCOTT HARRIS** in his individual and | ) | |
| official capacity as State Health Officer; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### Jurisdiction

1. This is a suit for violation of 42 U.S.C. §1981, the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1983. Venue is proper pursuant to 28 U.S.C. § 1391.

### Parties

3. The Plaintiff, Evelyn Scott, is a black female, a citizen of the United States and a resident of the State of Alabama. At all material times, Scott was employed by the Defendant State of Alabama Department of Public Health, Health Care Facilities Division.

4. At all material times, Defendant State of Alabama Department of Public Health ("DPH") was Plaintiff's employer and is subject to suit in the State of Alabama.

1

5. The Defendant Scott Harris is named individually and in his official capacity as State Health Officer over the Department of Public Health.

### Factual Allegations

6. The Plaintiff re-alleges and incorporates by reference each paragraph set forth above as if fully set forth herein.

7. The Plaintiff was employed by the Defendant DPH from August of 2007 until June 29, 2020.

8. During the course of the Plaintiff's employment and as recently as July 2019, she engaged in statutorily protected conduct by opposing racially discriminatory conduct she reasonably believed was unlawful.

9. On July 23, 2019, the Defendants disciplined the Plaintiff based on various allegations purporting to relate to her job performance.

10. Said discipline was unjustified.

11. The Plaintiff's white co-workers who have committed the same or substantially similar infractions have been treated more favorably than the Plaintiff.

12. On July 23, 2019, the Defendants issued the Plaintiff a downgraded performance appraisal which did not accurately reflect her job performance and which resulted in the loss of compensation in the form of a raise the Plaintiff would have otherwise received in or around August of 2019.

13. When Plaintiff objected to the subject performance appraisal, her rating supervisor stated "I'm just doing what I was instructed to do."

14. The Plaintiff's white co-workers who have similar performance as the Plaintiff have been

2

treated more favorably than the Plaintiff.

15. At all material times, Defendant Harris, individually and acting in his official capacity and under color of state law, intentionally, willfully, maliciously, fraudulently, in bad faith, with deliberate indifference and/or without jurisdiction and/or justification discriminated against the Plaintiff and deprived her of her federal statutory and constitutional rights.

16. The Defendants adverse treatment of the Plaintiff, as described above, was causally related to the Plaintiff's protected activity.

## COUNT ONE

### 42 U.S.C. §1981 - Discrimination on the Basis of Race

17. The Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

18. The above-described wrongful conduct on the part of the Defendants, constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. § 1981. The Plaintiff asserts this claim against DPH and Harris in his official capacity through 42 U.S.C. § 1983.

## COUNT TWO

### 42 U.S.C. §1981 - Retaliation

19. The Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

20. The above-described wrongful conduct on the part of the Defendants constitutes unlawful retaliation in violation of 42 U.S.C. § 1981. The Plaintiff asserts this claim against DPH and Harris in his official capacity through 42 U.S.C. § 1983.

## COUNT THREE

### Discrimination in Violation of the Fourteenth Amendment

21. The Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

22. The above-described wrongful conduct on the part of the Defendants constitutes violation of the Plaintiff's rights under the Fourteenth Amendment of the U.S. Constitution.

**WHEREFORE,** the Plaintiff respectfully requests the Court to enter an Order declaring that her rights have been violated by the Defendants pursuant to 42 U.S.C. §1981, the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983 and awarding all relief available to her under the law, including but not limited to an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS TRIAL BY A STRUCK JURY.**

Respectfully submitted,

s/Adam P. Morel
Adam P. Morel
**ATTORNEY FOR PLAINTIFF**

OF COUNSEL:

**LAW OFFICES OF ADAM MOREL, P.C.**
P.O. Box 190250
Birmingham, AL 35219
*Telephone:    (205) 252-8841*
*Facsimile:    (205) 822-6197*

4